IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Lacey Fredrickson; John and Jane Does Arrestees as Members of the Class Action<br><br>Plaintiffs,<br><br>v.<br><br>City of Bellevue; South Correctional Entity (a/k/a "SCORE"),<br><br>Defendants. | No.<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND DAMAGES – CLASS ACTION** |

Plaintiff, Lacey Fredrickson, on behalf of herself and the class of all those similarly situated persons, as identified below, brings this action against defendant City of Bellevue and South Correctional Entity (a/k/a "SCORE") for violation of the Fourth Amendment of the United States Constitution, thus entitling Plaintiffs to relief under 42 U.S.C. § 1983.

### I.   PARTIES

1.1   Plaintiff Lacey Fredrickson is a resident of King County, Washington. On information and belief, more than two thirds of the class members, as defined herein, are residents of the State of Washington.

1.2   Defendant City of Bellevue is a Washington municipal corporation within King County.

1.3   Defendant South Correctional Entity (SCORE) is a governmental administrative

agency formed pursuant to RCW 39.34.030(3).

## II.   JURISDICTION

2.1   This Court has jurisdiction over the parties and the subject matter of this lawsuit.

2.2   Venue is proper in King County Superior Court.

## III.   FACTUAL ALLEGATIONS

3.1   Plaintiff, class representative Lacey Fredrickson, was arrested by the City of Bellevue Police Department for a misdemeanor without a warrant on December 1, 2018, (at approximately 12:45 a.m.) and thereafter booked into SCORE. Plaintiff remained in-custody at SCORE and was not afforded a judicial determination of probable cause until more than forty-eight (48) hours after her warrantless arrest.

3.2   Based on review of police reports and associated court records, the City of Bellevue and SCORE jail knowingly and routinely arrest and/or detain persons on alleged misdemeanor offenses without a warrant and do not afford them with a judicial determination of probable cause within forty-eight (48) hours of arrest.

3.3   Plaintiff, and the other class members hereto, were arrested without a warrant by the City of Bellevue Police Department, booked into jail, and held in custody without a judicial determination of probable cause within 48-hours; and/or were not released within or at the expiration of forty-eight (48) hours of arrest.

## IV.   CLASS ALLEGATIONS

4.1   Plaintiff Fredrickson seeks to represent a class consisting of all persons who, within the applicable statute of limitations were also arrested by the City of Bellevue Police Department without a warrant, booked into SCORE jail and not afforded a judicial determination of probable cause within forty-eight (48) hours after an arrest, and/or were not released within or

at the expiration of forty-eight (48) hours.

4.2     Plaintiff Fredrickson brings this action on behalf of herself, and all other persons similarly situated pursuant to Superior Court Civil Rule 23(b)(2) or, alternatively, Civil Rule 23(b)(3). The class that plaintiff seeks to represent is composed of potentially hundreds if not thousands of individuals.

4.3     Joinder of all members of the class as defined herein is impractical.

4.4     There are common issues of law (violations of Fourth Amendment pursuant to *Gerstein v. Pugh*, 420 U.S. 103 (1975) and *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991)) and fact (unconstitutional deprivation of liberty and freedom for individuals arrested without a warrant that did not receive a probable cause determination from a neutral magistrate within 48 hours) affecting the putative class with respect to the application of the law pertaining to plaintiffs' constitutional violation claims, and the determination of damages therefrom, because of defendants' conduct.

4.5     Plaintiff's claims are typical of the claims of the putative class since plaintiff Fredrickson, and all class members, sustained damages arising from defendants' wrongful conduct in violation of law as stated in this Complaint.

4.6     Plaintiff Fredrickson will fairly and adequately protect the interests of the entire putative class. Plaintiff does not have personal interests that are antagonistic to or in conflict with those of the members of the class that plaintiff seeks to represent.

4.7     The interests of the putative class are adequately represented by plaintiff Fredrickson and her counsel. Plaintiff has retained counsel competent and experienced in class and consumer litigation.

4.8     This action is maintainable as a class action because the prerequisites of Superior

1  Court Civil Rule 23 are satisfied and, in addition:

2     4.8.1  The prosecution of separate actions by individual members of the class
3  would create a risk of:

4     (a)  inconsistent or varying adjudications with respect to individual
5  members of the class which would establish incompatible standards of conduct for the City of
6  Bellevue and/or SCORE who opposes the class; or

7     (b)  adjudications with respect to individual members of the class
8  which would as a practical matter be dispositive of the interests of the other members not parties
9  to the adjudications or substantially impair or impede their ability to protect their interests; or

10    4.8.2  The City of Bellevue and/or SCORE, who oppose the class, has acted
11 and/or has refused to act on grounds generally applicable to the class, thereby making
12 appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a
13 whole (including but not limited to an order from this Court declaring the City of Bellevue's
14 and/or SCORE's policies unconstitutional and requiring that the City of Bellevue and/or SCORE
15 implement constitutional policies with respect to ensuring a prompt judicial determination for
16 arrestees/pre-trial detainees who are arrested without a warrant; such that the arrestee/pre-trial
17 detainees are not made to suffer extended periods of detention beyond 48 hours); or

18    4.8.3  The Court find that the questions of law or fact common to the members
19 of a class predominate over any questions affecting only individual members, and that a class
20 action is superior to other available methods for the fair and efficient adjudication of the
21 controversy (i.e., (a) there is no interest of members of the class in individually controlling the
22 prosecution of separate actions; (b) there is no collateral litigation to this case which has been
23 commenced by other putative class members )at least such litigation is unknown to plaintiff's

counsel); (c) it would be desirable to concentrate the litigation of any and all claims similar to that of the Plaintiffs in one forum; and (d) there are no known difficulties likely to be encountered in the management of this class action).

## V.     CLAIMS FOR RELIEF

### FOURTH AMENDMENT VIOLATIONS

5.1     As described herein, the Defendants illegally denied Plaintiff a judicial probable cause determination within 48 hours of a warrantless arrest and caused proximate harm by violating her rights under the Fourth Amendment.

5.2     Defendants employed and implemented unconstitutional policies or customs, or policies of omission, with respect to their failure to place pre-trial detainees being arrested without a warrant before a judge or magistrate for an initial determination of probable cause within forty-eight (48) hours, and are also liable for failing to supervise and train their officers, deputies, guards, and/or jail staff to promptly bring pre-trial detainees arrested without a warrant before a judge or magistrate within forty-eight (48) hours after arrest and/or booking into SCORE jail.

5.3     As a direct and proximate result of the unconstitutional policies or customs of the Defendants, or policies of omission, and/or because of the Defendants failure to appropriately train and supervise their officers, deputies, guards, and/or jail staff as to the procedures necessary to ensure an arrestee's right to promptly be brought before a judge or magistrate within forty-eight (48) hours after arrest and/or booking, Plaintiff, Lacey Fredrickson, and the class members she intends to represent, were deprived of their constitutional rights to a prompt determination of probable cause guaranteed by the Fourth Amendment to the United States Constitution. Plaintiff Fredrickson, and the class, suffered damages and injuries as a result of the Defendants' violation

of their constitutional rights, including a denial of the right to a prompt initial determination of probable cause, deprivation of liberty, a violation of due process rights, a violation of substantive due process (failure to abide by Washington Statute in providing a prompt judicial hearing), emotional distress, mental anguish, and other damages and injuries to be proven at the time of trial.

5.4   Plaintiff Fredrickson seeks an order from this Court determining Defendants' violated her constitutional rights, and the constitutional rights of the class of similar persons she intends to represent, to a prompt judicial hearing pursuant to the Fourth Amendment of the United States Constitution, thus entitling Plaintiff to relief under 42 U.S.C. § 1983 and the Fourth Amendment.

## VIII.   PRAYER FOR RELIEF

6.1   As a direct and proximate result of Defendants' actions Plaintiffs sustained economic and non-economic damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for the following relief:

1. For injunctive and declaratory relief;

2. For a judgment against the Defendants;

3. For compensatory and punitive damages in an amount to be proven at trial;

4. For attorney fees and costs; and

5. For such other and further relief as the court deems just and proper.

DATED this 8th day of October, 2021.

FREY BUCK, P.S.

By: _____
Ted Buck, WSBA #22029
Evan Bariault, WSBA #42867
Mark Conrad, WSBA #48135
*Attorneys for Plaintiffs*