The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LACEY FREDRICKSON; JOHN AND
JANE DOES ARRESTEES, as Members of
the Class Action,

               Plaintiffs,

    v.

CITY OF BELLEVUE; SOUTH
CORRECTION ENTITY (a/k/a "SCORE"),

               Defendants.

Case No. C21-1517-JCC

**[PROPOSED] STIPULATED
PROTECTIVE ORDER**

The parties to this action stipulate and agree to this protective order.

1.    <u>PURPOSES AND LIMITATIONS</u>

    Discovery in this action is likely to involve production of confidential, proprietary, or private information or tangible materials of the parties (and third parties) falling within the ambit of Fed.R.Civ.P. 26(c), for which special protection may be warranted ("Confidential Material"). Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order, which shall apply to all discovery in this action, including third-party discovery. The parties acknowledge that this agreement is consistent with LCR 26(c) and shall be binding upon all parties to this action, along with the Officers,

1  Directors and Managers thereof. The parties further agree that this agreement does not confer

2  blanket protection on all disclosures or responses to discovery; the protection it affords from

3  public disclosure and use extends only to the limited information or items that are entitled to

4  confidential treatment under the applicable legal principles, and it does not presumptively

5  entitle parties to file Confidential Material under seal.

6      2.      "CONFIDENTIAL" MATERIAL

7          "Confidential" Material may be designated as "CONFIDENTIAL" by one or more of

8  the parties or third parties responding to third-party discovery (the "**designating party**") prior

9  to or at the time of its disclosure to another party (the "**receiving party**").

10          The following is a non-exclusive list of documents and tangible things produced or

11  otherwise exchanged that may be designated as "CONFIDENTIAL":

12      a)      Documents containing or referencing employment files or employment

13              information relating to employees of one or more of the parties;

14      b)      Documents containing information related to non-public business or legal

15              processes and methods of one or more of the parties (or third parties); and

16      c)      Documents containing personally identifiable information ("PII") pertaining

17              to any individuals.

18      3.      SCOPE

19          The protections conferred by this agreement cover not only Confidential Material (as

20  defined above), but also (1) any information copied or extracted from Confidential Material;

21  (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any

22  testimony, conversations, or presentations by parties or their counsel that might reveal

23  Confidential Material.

24          However, the protections conferred by this agreement do not cover information that

25  is in the public domain or becomes part of the public domain through trial or otherwise.

26

[PROPOSED] STIPULATED PROTECTIVE ORDER
No. 2:21-cv-01517-JCC – Page 2

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

      4.1    Basic Principles.  A receiving party may use Confidential Material disclosed or produced by another party or by a non-party in connection with this case and that has been designated "CONFIDENTIAL" only for prosecuting, defending, or attempting to settle this litigation. Confidential Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

      4.2    Disclosure of "**CONFIDENTIAL**" Material or Items.   Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose material designated "CONFIDENTIAL" only to:

    a)    The receiving party's counsel of record in this action, as well as employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation;

    b)    The Officers, Directors, Managers and in-house counsel of the receiving party to whom disclosure is reasonably necessary for this litigation, as well as non-counsel employees of the receiving party to whom disclosure is reasonably necessary for this litigation who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    c)    Employees of the receiving party who have a need to know to perform job functions related to the litigation or in responding to such things as Public Records Act requests or as required by law;

    d)    Experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    e)    The Court, Court personnel, and court reporters and their staff;

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

f)   Professional copy, document management, electronic discovery or imaging service providers retained by counsel to assist in the management and duplication of Confidential Material, provided that such service provider has either signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or otherwise agreed in writing to use the Confidential Material only to perform services for the party that has retained it in this litigation to not disclose any Confidential Material to third parties and to immediately return all originals, copies, and digital images of any Confidential Material upon rendering of the service;

g)   Witnesses during a deposition in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court;

h)   The author or prior recipient of a document containing the Confidential Material;

i)   A custodian or other person who otherwise possessed or knew the Confidential Material prior to this litigation;

j)   Mock trial and jury consultants, including, but not limited to, mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

k)   Any mediator retained by the parties or appointed by the Court in this action and employees of such mediator who are assisting in the conduct of the mediation, provided that such mediator has agreed in writing to maintain the confidentiality of confidential information received in this action.

4.5   <u>Filing Confidential Material</u>.   Before filing Confidential Material or discussing or referencing such material in court filings, the filing party shall confer with the

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

designating party to determine whether the designating party will remove the Confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designation may be applied to the entirety of a document. However, upon reasonable request of the opposing party, the producing party must provide a more narrowly designated version of a document previously designated in its entirety, designating for protection only those parts of material, documents, items, or oral or written communications that qualify for protection.

Mass, indiscriminate, or routinized designations and mass, indiscriminate, or routinized requests for narrower designations of documents designated in their entirety are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this agreement (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

[PROPOSED] STIPULATED PROTECTIVE ORDER
No. 2:21-cv-01517-JCC – Page 5

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

a)  Information in documentary form:  (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each document. To the extent reasonably practicable, the designation shall also be included in a data field reserved for confidentiality designations in the load file metadata for each document exchanged electronically.

b)  Testimony given in deposition or in other pretrial or trial proceedings: the parties may identify on the record, during the deposition, hearing, or other proceeding, all testimony designated as "CONFIDENTIAL" without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen (15) days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as "CONFIDENTIAL." Until this fifteen day period has concluded, the entirety of the deposition transcript shall be presumptively treated by the receiving party as having been designated by the producing party as "CONFIDENTIAL". Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement.

5.3   Inadvertent Failures to Designate.  If timely corrected through notice to the receiving party within five (5) calendar days after the producing party's discovery of an inadvertent failure to designate, an inadvertent failure to designate Confidential Material does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the Confidential Material is treated in accordance with the provisions of this agreement.

[PROPOSED] STIPULATED PROTECTIVE ORDER
No. 2:21-cv-01517-JCC – Page 6

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The parties must make every attempt to resolve any dispute regarding confidential designations without Court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without Court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    Judicial Intervention. If the parties cannot resolve a challenge without Court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential hereunder until the Court rules on the challenge.

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as

[PROPOSED] STIPULATED PROTECTIVE ORDER
No. 2:21-cv-01517-JCC – Page 7

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

"CONFIDENTIAL" that party must:

     a)    Promptly notify the designating party in writing and include a copy of the subpoena or court order;

     b)    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

     c)    Cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Material may be affected.

8.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel to, any claim of privilege, work product or other ground for withholding production to which the producing party would otherwise be entitled. If the producing party makes a claim of inadvertent production with respect to such

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

information then in the custody of any receiving party or parties, the receiving party or parties shall promptly return the information to the producing party and the receiving party or parties shall not use such information for any purpose other than in connection with a motion to compel production. The receiving party may then move the Court for an order compelling production of the material, and the motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production. This paragraph should not be interpreted to abrogate any legal rights and obligations of the parties with respect to inadvertent disclosures of privileged information under any applicable rules of evidence or of professional conduct. This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. In such circumstance, the parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

10.    TERMINATION AND RETURN OF DOCUMENTS

Within forty-five (45) days after the termination of this action, including all appeals, each receiving party must destroy or return all confidential material to the producing party, including all copies, extracts and summaries thereof if such material is not required to be retained pursuant to the Washington Public Records Act or any other law.  If such material is required to be retained pursuant to the Washington Public Records Act or another law, the parties must agree how to archive such materials for the duration of the retention process. Any archived material that contains or constitutes Confidential Information shall remain subject to this Order.

Subject to the foregoing, the parties may agree upon appropriate methods of destruction. A signed, written confirmation of compliance with this paragraph shall be made

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

by all parties and their counsel of record within sixty (60) days of the final termination of this action, including all appeals.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: May 11, 2022.

**FREY BUCK, P.S.**

By: _____

Ted Buck, WSBA No. 22029
Evan Bariault, WSBA No. 42867
Mark Conrad, WSBA No. 48135
1200 Fifth Avenue, Suite 1900
Seattle, WA 98101
tbuck@freybuck.com
ebariault@freybuck.com
mconrad@freybuck.com

*Attorneys for Lacey Fredrickson and the proposed class*

**ARETE LAW GROUP PLLC**

By: */s/ Jonah O. Harrison*

Jonah O. Harrison, WSBA No. 34576
Denise L. Ashbaugh, WSBA No. 28512
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
Fax:     (206) 428-3251
jharrison@aretelaw.com
dashbaugh@aretelaw.com

**CITY OF BELLEVUE**
**OFFICE OF THE CITY ATTORNEY**

By: */s/ Chad R. Barnes*

By: */s/ Cheryl A. Zakrzewski*
Chad R. Barnes, WSBA No. 30480
Cheryl A. Zakrzewski, WSBA No. 15906
Assistant City Attorney, City of Bellevue
450 110th Avenue N.E.

[PROPOSED] STIPULATED PROTECTIVE ORDER
No. 2:21-cv-01517-JCC – Page 10

P. O. Box 90012
Bellevue, WA 98009
cbarnes@bellevuewa.gov
czakrzewski@bellevuewa.gov

*Attorneys for Defendant City of Bellevue*

**LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, PS**

By: */s/ John E. Justice*
John E. Justice
PO Box 11880
Olympia, WA 98508
jjustice@lldkb.com

*Attorneys for Defendant South Correction
Entity*


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: 06/07/2022

The Honorable John C. Coughenour

[PROPOSED] STIPULATED PROTECTIVE ORDER
No. 2:21-cv-01517-JCC – Page 11

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Western District of

Washington on _____ in the case of *Fredrickson, et al. v. City of Bellevue,*

*et al.*, (Case No. 2:21-cv-01517- JCC) . I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.  I will return all Confidential material subject to the Stipulated

Protective Order which comes into my possession, and any documents or things I have

prepared relating thereto, to the party or the counsel for the party by whom I am retained or

from whom I have received it/ them, at the conclusion of this action.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER
No. 2:21-cv-01517-JCC – Page 12

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250