THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LACEY FREDRICKSON, *et al.*,<br><br>                Plaintiffs,<br>    v.<br>CITY OF BELLEVUE, *et al.*,<br><br>                Defendants. | CASE NO. C21-1517-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion to certify class (Dkt. No. 24). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

**I.      BACKGROUND**

Plaintiff brings this putative class action against the City of Bellevue and South Correctional Entity ("SCORE") (together, "Defendants"). (Dkt. No. 18 at 1.) Plaintiff claims that her Fourth Amendment rights were violated because she was arrested without a warrant and held in a SCORE jail for over 48 hours without a judicial determination of probable cause. (*Id*. at 2.) The proposed class members are all persons who were booked into a SCORE jail and not afforded a judicial determination of probable cause within 48 hours after an arrest, and/or were not released within that time. (*Id*. at 2–3.) Plaintiff seeks an order from this Court that Defendants violated her constitutional rights, and the constitutional rights of the class of similar

persons she intends to represent, thus entitling Plaintiff and the class members relief under 42 U.S.C. § 1983 and the Fourth Amendment. (*Id*. at 6.)

Plaintiff moves to certify the following two damages classes:

1. City of Bellevue: Individuals, who, from October 8, 2018 to present, were arrested by the City of Bellevue without a warrant, incarcerated in the SCORE jail, and held more than 48 hours following their arrest without a timely probable cause determination and who were not released within 48 hours.

2. SCORE Jail: Individuals, who, from October 8, 2018 to present, were arrested without a warrant, incarcerated in the SCORE Jail, and held more than 48 hours following their arrest without a timely probable cause determination and who were not released within 48 hours.

## II. DISCUSSION

### A. Legal Standard for Class Certification

A party seeking to litigate a claim as a class representative must affirmatively satisfy the requirements of the Federal Rule of Civil Procedure 23(a) and the requirements of at least one of the categories under the Federal Rule of Civil Procedure 23(b). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011); *see Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012). In determining whether the party has carried its burden, the court must conduct a "rigorous analysis." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982). A district court must not decide the merits of a factual or legal dispute before it grants class certification. *See Eisen v. Carlisle & Jacquelin*, 417 U.S 156, 177–78 (1974); *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union v. ConocoPhillips Co.*, 593 F.3d 802, 808–09 (9th Cir. 2010). But a district court "*must* consider the merits [of class members' substantive claims] if they overlap with the Rule 23(a) requirements." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011). The ultimate decision to certify a class is within the court's discretion. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009).

**B.  Rule 23(a) Requirements**

One or more members of a class may sue as a representative plaintiff only if (1) the class is so numerous that joinder is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of representative parties are typical of those of the class, and (4) the representatives will fairly and adequately protect the interests of the absent class members. Fed. R. Civ. P. 23(a); *Mazza*, 666 F.3d at 688 ("Rule 23(a) requires that plaintiffs demonstrate numerosity, commonality, typicality, and adequacy of representation in order to maintain a class action."). Defendants argue Plaintiff has failed to satisfy all the requirements of Rule 23(a). (Dkt. Nos. 28, 30.) They are correct for the reasons explained below.

   1.  Numerosity

Rule 23(a)'s first requirement is satisfied when the proposed class is sufficiently numerous to make joinder of all members impracticable. Fed. R. Civ. P. 23(a)(1). A numerosity determination requires an examination of the specific facts of each case, though "[i]n general, courts find the numerosity requirement satisfied when a class includes at least 40 members." *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010) (unpublished); *see also Troy v. Kehe Food Distributors, Inc.*, 276 F.R.D. 642, 652 (W.D. Wash. 2011) (certifying a class of forty-three to fifty-four workers). "Where the exact size of the class is unknown, but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied." *In re Abbott Labs. Norvir Anti–Trust Litig.*, 2007 WL 1689899, slip op. at 6 (N.D. Cal. 2007) (internal quotation omitted).

Here, Plaintiff alleges that the class consists of approximately 300 individuals. (Dkt. No. 24 at 5.) To obtain this estimate, Plaintiff obtained a list of arrestees, and reviewed detainee jail records. (*Id*.) Using these records, Plaintiff identified 12 allegedly similarly situated individuals over a two-month period. (*Id*. at 4.) Plaintiff does not provide an explanation for why this period was selected. Plaintiff then extrapolates this sample over the three-years prior to this lawsuit, to estimate that approximately 300 individuals were detained for over 48 hours without a judicial

determination of probable cause during that three-year time period. (*Id*.) Plaintiff conducted an additional review of the records in her reply. (Dkt. No. 35.) However, the Court is not required to consider new evidence presented in a reply brief, and the Court will not do so here.

  Defendant City of Bellevue put forward evidence that seven of the originally identified individuals fall outside the Plaintiff's own purposed class definition (Dkt. No. 30 at 7). At least two were granted probable cause hearings within hours of their arrest, not more than 48 hours later. (*Id*.) Three had outstanding warrants. (*Id*.) Two, arrested for driving under the influence, had a court review the arresting officers' probable cause determination within hours of arrest. (*Id*.) Defendant SCORE adds evidence demonstrating that Plaintiff's exemplar class is "overstated by *at least* half." (Dkt. No. 28 at 13.)

  Plaintiff does not provide a convincing explanation for why she only reviewed two months of data. This is a glaring omission, especially because she asserts the class is readily ascertainable by a review of records that are already in her possession. (Dkt. No. 30 at 12). Plaintiff has either reviewed the records and not identified more than five class members, or she has not reviewed the records which makes this proffered class too ambiguous and speculative to establish numerosity. Therefore, the Court finds that there is not sufficient evidence to satisfy the numerosity requirement of Rule 23(a)(1).

    2. <u>Commonality</u>

  Under Rule 23(a)(2)'s commonality requirement, the plaintiff must demonstrate that the "class members' claims 'depend upon a common contention' such that 'determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke.'" *Mazza*, 666 F.3d at 588 (quoting *Dukes*, 564 U.S. at 350). The key inquiry is not whether the plaintiff has raised common questions, but whether "class treatment will 'generate common *answers* apt to drive the resolution of the litigation.'" *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (quoting *Dukes*, 564 U.S. at 350). Every question of law or fact need not be common to the class. *Id.* Rather, all Rule 23(a)(2) requires is "a single *significant* question of law

or fact." *Id.* (emphasis added). Ultimately, the existence of "shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

Plaintiff claims that the commonality shared by her, and the purported class members is that they were each arrested without a warrant and held in a SCORE jail for over 48 hours without a judicial determination of probable cause. (Dkt. No. 24 at 6.) Defendants argue that she fails commonality because she asks for damages, not injunctive relief, and damages are fact intensive and unique to each individual's case, thus Plaintiff's claim is incapable of class wide resolution. (Dkt. Nos. 28 at 12; 30 at 14.) Defendants are correct. For reasons shown above, a constitutional analysis will require examining the individual facts that led to arrest and detention for each purported class member. And the absence of injunctive relief leads the Court with no class wide remedy. Therefore, the Court finds that Plaintiff has not satisfied the commonality requirement of Rule 23(a)(1).

        3.  <u>Typicality</u>

Plaintiff must next show that her claim is typical of the class. *See* Fed. R. Civ. P. 23(a)(3). "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Ellis*, 657 F.3d at 984 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). The commonality and typicality inquiries "tend to merge" and both serve as "guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Dukes*, 564 U.S. at 349 n.5. Ultimately, representative class claims are typical if they are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.

Defendant City of Bellevue argues that Plaintiff's claim is not typical because the facts of

her arrest are factually different than those of the purported class, and therefore her damages requests will be different too. (Dkt. No. 30 at 15.) The Court finds this argument persuasive. Just because the purported class members were all detained in a SCORE jail does not make their cases factually transferable with one another. Even the identified purported class members appear to have significant factual differences that are dispositive of the legal outcome. Therefore, the Court finds that Plaintiff has not satisfied the typicality requirement of Rule 23(a)(1).

         4.   Adequacy of Representation

To determine whether the representative plaintiffs will adequately represent a class, the court must examine whether the named plaintiff and her counsel (1) has any conflicts of interest with other class members and (2) will prosecute the action vigorously on behalf of the class. *Ellis*, 657 F.3d at 985. As the Ninth Circuit has noted, adequate representation depends upon "an absence of antagonism between representatives and absentees[] and a sharing of interest between representatives and absentees." *Ellis*, 657 F.3d at 985 (internal quotation omitted).

Plaintiff asserts that she is well suited to provide appropriate, diligent representation, because she was detained like the purported class members, and because she is willing and able to represent their interests. (Dkt. No. 24 at 7–8.) The record demonstrates no conflicts of interest between Plaintiff and the purported class. And Plaintiff's attorneys could adequately represent the class. (*Id*.) However, as previously noted, Plaintiff's claim is not uniform across the class members. Moreover, Plaintiff admits she did not suffer economic damages or wage loss, which will likely be a key issue for many purported class members. For these reasons, the Plaintiff cannot adequately represent the injuries of the putative class, and fails to satisfy the adequacy requirement of Rule 23(a)(4).[1]

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for class certification (Dkt. No. 24) is

---

[1] Having failed to satisfy the requirements of Rule 23(a), the Court need not conduct an analysis of Rule 23(b).

ORDER
C21-1517-JCC
PAGE - 6

1 | DENIED.

2 |     DATED this 9th day of January 2023.

<br>

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE